IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:12-CV- 00312 - RGA |
| | : | |
| THE HELENE SMALL INSURANCE TRUST, by and through its trustee, WILMINGTON SAVINGS FUND SOCIETY, FSB | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Richard Douglas Heins, Esq., Ashby & Geddes, Wilmington, DE, Thomas F.A. Hetherington, Esq., Jarrett E. Ganer, Esq., Edison, McDowell & Hetherington, LLP, Houston, TX, Attorneys for the Plaintiff.

John E. James, Esq., David Ellis Moore, Esq., John Anderson Sensing, Esq., Potter, Anderson & Corroon, LLP, Wilmington, DE, Attorneys for the Defendant.

November _____, 2012

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

Before the Court is Plaintiff PHL Variable Insurance Company's motion to dismiss the counterclaims of Defendant The Helene Small Insurance Trust. (D.I. 28). For the reasons discussed, PHL's motion will be granted.

PHL brought this declaratory judgment action against The Helene Small Insurance Trust seeking to have an insurance policy issued by the Plaintiff to the Trust declared void for want of an insurable interest. (D.I. 1). The Defendants have filed an amended answer with counterclaims. (D.I. 23). The counterclaims sought a declaratory judgment (Count I) and alleged breach of contract (Count II).

PHL contends that the counterclaim seeking a declaratory judgment is redundant and fails to state a claim upon which relief can be granted. The Plaintiff also argues that the breach of contract claim should be dismissed for lack of subject matter jurisdiction. The Defendant contends that the counterclaim for declaratory judgment is not merely the inverse of the claims and that the Court should follow a course of restraint in dismissing the counterclaims. (D.I. 33, p.18). While the Trust does not assert that the breach of contract counterclaim is compulsory, the counterclaim for breach of contract alleges that the amount of damages is in excess of the required $75,000 threshold to create diversity jurisdiction.

The issues before the court are whether the counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as redundant and whether the breach of contract counterclaim satisfies jurisdictional requirements pursuant to 28 U.S.C. § 1332.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court should exercise restraint in dismissing counterclaims:

> Considering the difficulty in determining whether a declaratory judgment counterclaim is in fact redundant prior to trial, however, authorities suggest that a court should dismiss such counterclaims only when there is no doubt that they will be rendered moot by adjudication of the main action.

*Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F.Supp.2d 562, 566 (D.Del. 2009). The resolution of PHL's declaratory judgment claim will decide whether the policy in dispute is null and void. In the event the policy is not found to be null and void, it will be deemed valid. Likewise, PHL seeks to retain premiums paid by the Defendant and therefore counterclaims seeking to have those premiums reimbursed will again be resolved by deciding the original complaint. The relief sought by Defendant in this counterclaim is therefore redundant. The contention that this counterclaim is seeking a broader declaratory judgment to insure PHL's compliance upon adjudication is unnecessary as the Plaintiff has conceded, "[PHL] will comply with any obligations" if the policy is found to be valid. (D.I. 29, p.15). The additional matters for which a declaratory judgment is sought are merely restatements of the Defendant's second, fourth, fifth and seventh defenses, and as such, will again be resolved upon adjudication of the underlying claims. For the above stated reasons, the motion to dismiss Defendant's counterclaim for a declaratory judgment will be granted.

The jurisdictional requirements for counterclaims depend on whether the counterclaims

3

are compulsory or permissive. *See Wolfson v. Artisans Sav. Bank*, 83 F.R.D. 552 (D.Del. 1979). A counterclaim is compulsory and falls under this court's ancillary jurisdiction when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. . R, Civ. P. 13(a). The issue is the 'logical relationship' to the Plaintiff's claim. *See Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961). Counterclaims which are related on a transactional basis may still lack a 'logical relationship' if, "the legal and factual claims involved in the two causes of action are virtually unrelated." *Wolfson,* 83 F.R.D. at 555. Permissive counterclaims must meet the jurisdictional requirements independent of the underlying claim to satisfy subject matter jurisdiction. *Id.* In order to assert subject matter jurisdiction independently, Defendants rely upon diversity of citizenship with damages in excess of $75,000. *See* 28 U.S.C. § 1332. Pursuant to Federal Rule of Civil Procedure 8(a)(1),

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

Defendants have not argued that the breach of contract counterclaim is a compulsory counterclaim. (D.I. 33, pp. 14-16). Although the cost of insurance adjustment arose from the underlying policy, the legal and factual issues surrounding the alleged breach of contract concern contract and insurance matters unrelated to the "insurable interest" dispute that is at the heart of the complaint. The counterclaim for breach of contract also fails to specify any factual information that hints at what the damages might actually be, or any other basis for estimating damages. There is a boilerplate allegation that "the amount in controversy exceeds $75,000." (D.I. 23, ¶ 57). The Trust cites *Brooks-McCollum v. State Farm Ins.*, 2009 WL 3787589, *2 (D. Del. 2009) to argue that the Court must accept the contention that damages exceed the threshold

amount when it is made in good faith. (D.I. 33, p. 14). This argument does not overcome the need to allege something that hints at a factual basis for an amount of damages consistent with the requirements of diversity jurisdiction. *See Dolin v. Asian Am. Accessories, Inc.*, 449 F. App'x 216, 218 (3d Cir. 2011). The counterclaim thus fails to assert an independent basis for jurisdiction.

The Court has discretion to refuse to entertain a permissive counterclaim. *See Wolfson*, 83 F.R.D. at 556. As this is already a complex case, I would decline to assert jurisdiction over this permissive breach of contract claim. There is no significant benefit to be gained by the parties or the Court in having an additional unrelated state law issue in the case.

Therefore, the breach of contract counterclaim is dismissed as lacking subject matter jurisdiction, and, alternatively, as a matter of discretion.

## CONCLUSION

For the above stated reasons, PHL's motion to dismiss the counterclaims is granted.